## HOAGLAND a. MILLER.

*Supreme Court, First District; General Term, May,* 1863.

MISTRIAL.—DIRECTING EXCEPTIONS TO BE HEARD AT GENERAL
TERM.

It is a mistrial to direct that an exception to the dismissal of the complaint be heard at the general term in the first instance.

Exceptions directed to be heard at general term in the first instance.

This action was by Peter W. Hoagland against Jacob Miller and Isaac Shaurman, to recover $802.61. One Samuel Ford had executed a mortgage to one Hogan for $12,000; subsequently Hogan assigned to the present defendants an interest in the mortgage to the extent of $5,667, which sum defendants proposed to advance to Ford for the purpose of improving the property. The plaintiff, as assignee of Ford, claimed that the defendants did not advance the whole of this sum, but that there

Hoagland *a.* Miller.

was a deficiency in the amount, which was now claimed. Hogan and the present defendants foreclosed the mortgage, and Ford made no defence.

The judge before whom the cause came on for trial at circuit dismissed the complaint; to which ruling the plaintiff excepted, and the judge directed the exceptions to be heard at general term in the first instance.

*William Fullerton*, for the plaintiff.

*Nelson Smith*, for the defendants.

. SUTHERLAND, P. J.—This case comes irregularly before the general term. It is not an appeal from a judgment. No judgment has been entered in the case. On the trial at the circuit, before a justice of this court and a jury, the justice dismissed the complaint without submitting the case to the jury ; and the counsel for the plaintiff excepted to such dismissal. The justice then ordered the exceptions to be heard in the first instance at the general term upon a case containing the exceptions, and directed an order to that effect to be entered in the minutes of the clerk.

I know of no authority for such a proceeding. I do not see how, regularly, the general term can render any judgment in this case, and think there should be a new trial ordered, costs to abide the event, upon the ground that there has been a mistrial. But if it should be deemed that we can regularly render a judgment in the case, then I am of the opinion that the judgment should be that the complaint be dismissed, on the ground that judgment on the foreclosure-suit, to which Ford was a party, was and is a bar to this action.

This ground is sufficient, without examining any other.

CLERKE, J.—I think the first objection correct.

INGRAHAM, J.—I concur.

Judgment reversed, on the ground of a mistrial.