ANNIE J. BROWN, PLAINTIFF, *v.* ANSON G. CONGER, AS EXECUTOR, ETC., OF ISAAC C. BROWN, DECEASED, DEFENDANT.

8h 625
f 55ad431

8h 625
171 NY ¹401

*Statute of frauds — Contract in consideration of marriage — partial performance — Chap. 375 of 1849 — Practice — when exceptions may be ordered to be heard in the first instance at the General Term.*

Where a man agrees by parol to give a woman certain property in consideration of her marrying him, the subsequent marriage is not such a partial performance of the contract as will induce a court of equity to compel a specific performance thereof, notwithstanding the provisions of the statute of frauds.

The third section of chapter 375 of 1849, providing that all contracts made between persons in contemplation of marriage shall remain in full force after such mar-

riage, was not intended to repeal the provisions of the statute of frauds, declaring that every agreement made upon consideration of marriage shall be void, unless it be in writing.

Where the complaint is dismissed at the Circuit, the court may direct the plaintiff's exception to such disposition of the case to be heard in the first instance at the General Term, and that judgment be suspended in the mean time.

*Hoagland* v. *Miller* (16 Abb. Pr., 103) not followed.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after an order dismissing the complaint herein.

*Abram Thorn*, for the plaintiff.

*S. C. Adams*, for the defendant.

MULLIN, P. J.:

The plaintiff alleges in her complaint that on or about the 27th day of August, 1868, it was mutually agreed by and between her and Isaac C. Brown that they would intermarry, and in consideration thereof he agreed to pay the plaintiff one-third of his property of every kind, which he stated was of the value of $13,000 and upwards. In consideration of which promise of said Brown, plaintiff consented to, and did intermarry with him, and had lived and cohabited with him until his death, in May, 1872. It was further alleged in said complaint that said Brown left a last will, in and by which he appointed the defendant executor thereof; that said will was duly proved before the surrogate of Erie county, who had jurisdiction to admit the same to probate, and defendant took upon himself the duties of said office; that plaintiff presented to said executor a claim for the one-third of the estate of the said Brown, but he rejected said claim.

The defendant, by his answer, took issue upon the alleged agreement to give to plaintiff one-third part of his estate, and set up as a defense that this agreement was void, not being in writing.

On the trial the plaintiff gave evidence by parol, tending to prove the matters alleged in the complaint, and rested. Whereupon the defendant's counsel moved for a nonsuit, on the ground that the promise, not being in writing, was void by the statute of frauds,

The court granted the motion and nonsuited the plaintiff, to which ruling and decision plaintiff's counsel excepted.

The court ordered that the motion for a new trial on the plaintiff's exceptions be heard in the first instance in the General Term.

By the third subdivision of section 2 of the statute known as the statute of frauds, it is provided that every agreement, promise or undertaking made upon consideration of marriage, except mutual promises to marry, shall be void, unless such agreement or some note or memorandum of it be in writing and subscribed by the party to be charged therewith.

In the following cases the Court of Appeals has held contracts entered into between a man and a woman before marriage by which the man agreed to deliver property to the wife, or to do some act for her benefit after the marriage, were void when the marriage was the only consideration for the promise: *Dygert* v. *Remerschnider* (32 N. Y., 629); *Dung* v. *Parker* (52 N. Y., 496). The same was held by the chancellor in the *Matter of Willoughby* (11 Paige, 257).

It is urged by the appellant's counsel that the marriage in pursuance of the ante-nuptial agreement is such a part performance, as that a court of equity will enforce the parol contract notwithstanding the statute of frauds.

The counsel refers to no case which supports this proposition. Indeed, the cases, as far as I have examined them, are all the other way.

In Fry on Specific Performance, 263, it is said marriage is not alone, a part performance of an agreement in relation to it. To hold this would be to overrule the statute of frauds. (Id., 249; *Lassence* v. *Tierney*, 1 McN. & G., 551; Brown on the Statute of Frauds, §§ 439, 440, 444, 449.)

In 1849 the legislature passed an act entitled "An act to amend an act for the more effectual protection of the property of married women," passed April 11th of that year, the third section of which is in the following words :

Section 3. All contracts made between persons in contemplation of marriage shall remain in full force after such marriage takes place.

This section, the plaintiff's counsel insists, repeals the clause of the statute of frauds above cited, and hence contracts founded on

the consideration of marriage were no longer to be in writing, in order to be valid.

It is quite manifest that the legislature did not intend to repeal the clause of the statute of frauds under consideration.

That clause was inserted in the statute to protect parties from being bound by parol contracts alleged to be made before marriage, the inducement to, or consideration of which was a future marriage. The same temptation to fraud and perjury was held out to one or other of the parties that the preceding provisions of the statute were intended to prevent. If there was any adequate reason for the repeal of the third clause it applies with equal force to the preceding clauses. The legislature has adhered with too much tenacity to the statute of frauds to justify the belief that it intended, in passing the act of 1849, to repeal any of its provisions.

It would be a great public calamity should the clause of the statute under consideration be repealed.

Before the passing of the act of 1849 contracts between a man and a woman entered into before marriage were, as a general rule, void upon the consummation of the marriage, without regard to the subject-matter of the contract or the equitable considerations that would require its enforcement. (*Curtis* v. *Brooks*, 37 Barb., 476; 1 Black Com., 442 and notes; 2 Kent's Com. [12th ed.], 129.)

It was to get rid of this harsh and oppressive rule of law that the third section of the act of 1849 was passed, and its operation should not be extended beyond that.

When the case in 32 New York, 630, arose and was decided the act of 1849 was in force, and if the court had been of the opinion that the third clause of the statute of frauds had been repealed, the learned judge delivering the opinion would not have been permitted to assert, without some of the members of the court dissenting from the proposition, that marriage alone did not constitute a valid consideration for a contract.

That case must be deemed to be an adjudication of the court of last resort, that the third clause of the statute of frauds has not been repealed.

The plaintiff's counsel calls our attention to the case of *Hoagland* v. *Miller* (16 Abb. Pr., 103), in which the General Term of the

first district held, that it is a mistrial to direct that an exception to the dismissal of the complaint be heard at the General Term in the first instance.

I am unable to comprehend the reason for the conclusion at which the learned judge arrived in the case cited. None are assigned by the judge who delivered the opinion, other than that he says he knows of no authority for directing the exception to be heard in the first instance in the General Term.

Section 265 of the Code contained the same provisions in 1863, when that case was decided, that are in it now, and as I understand the section, it expressly authorized the court, before which the cause was tried, to send the exceptions to the General Term to be heard in the first instance.

The court at the trial dismissed the complaint and the plaintiff's counsel excepted to the ruling, and it was this exception that was ordered to be heard in the first instance at the General Term.

The plaintiff was bound to except to the ruling, or he could not avail himself of the error, if it was one, to dismiss his complaint.

Section 265 provides that a motion for a new trial on a case and exceptions or otherwise must, in the first instance, be heard or decided at the Circuit or Special Term, except that when exceptions are taken the judge trying the cause may, at the trial, direct them to be heard at the General Term in the first instance, and the judgment in the mean time is suspended, and in that case, they must there be heard in the first instance and judgment there given.

There was then an exception by the plaintiff's counsel to an order of the court dismissing the complaint, thus bringing the case within the very terms of the section.

We are compelled to decline to follow the case cited, believing as we do that the practice of the plaintiff was entirely correct.

The motion for a new trial is denied and judgment of nonsuit ordered for the plaintiff.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

New trial denied and judgment of nonsuit ordered for plaintiff.